# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

KIMBERLY HORAN and )
DAVID HORAN, )
                                                                )
           **Plaintiffs,** )
                                                         )
v. ) Case No. 15-CV-0051-CVE-PJC
                                                      )
NICHOLAS DETELLO, )
KERN & ASSOCIATES, )
KERN & COMPANY, P.C., and )
REGIER, CARR & MONROE, LLP, )
                                                      )
           **Defendants.** )

## OPINION AND ORDER

Now before the Court is Defendant Regier, Carr & Monroe, LLP's Motion to Dismiss (Dkt. # 19), Defendant Kern & Associates' and Kern & Company's Motion to Dismiss and Brief in Support (Dkt. # 21), and Defendant Nicholas Detello's Joinder in Motions to Dismiss (Dkt. # 43). Defendants argue that plaintiffs failed to attach an affidavit of merit to their complaint, and that plaintiffs' complaint should be dismissed due to their failure to comply with OKLA. STAT. tit. 12, § 19.1. Defendants also argue that plaintiffs have failed to state a claim upon which relief can be granted.

Plaintiffs Kimberly Horan and David Horan filed this case alleging claims of negligence and breach of fiduciary duty against Nicholas Detello, Kern & Associates and Kern & Company, P.C. (collectively "Kern"), and Regier, Carr & Monroe, LLP (RCM). The complete factual allegations of the complaint are as follows:

    1.    Plaintiffs hired Defendant Detello to prepare their income tax returns for many years. At some point, Defendant Detello joined Defendant Kern. In November, 2012, Defendant Kern was acquired by the Tulsa, Oklahoma branch of Defendant RCM. These Defendants are all jointly liable to Plaintiffs.

> 2. Defendants failed to properly prepare the Plaintiffs' taxes, failed to respond to issues regarding late payments and non-filing issues, and generally neglected their fiduciary duties to the Plaintiffs after Defendants Detello, Kern and RCM had been paid for their services.

Dkt. # 2, at 2. Plaintiffs state that they are residents of Pennsylvania and that defendants are residents of Oklahoma, and plaintiffs seek damages in excess of $75,000. Plaintiffs have not attached an affidavit of merit to their complaint.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual

averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Defendants argue that plaintiffs filed a professional negligence case without attaching an affidavit of merit to their complaint, and the case should be dismissed due to plaintiffs' failure to comply with § 19.1. Section 19.1 provides that:

> A.1. In any civil action for negligence wherein the plaintiff shall be required to present the testimony of an expert witness to establish breach of the relevant standard of care and that such breach of duty resulted in harm to the plaintiff, except as provided in subsection B of this section, the plaintiff shall attach to the petition an affidavit attesting that:
>
> a. the plaintiff has consulted and reviewed the facts of the claim with a qualified expert,
>
> b. the plaintiff has obtained a written opinion from a qualified expert that clearly identifies the plaintiff and includes the determination of the expert that, based upon a review of the available material including, but not limited to, applicable records, facts or other relevant material, a reasonable interpretation of the facts supports a finding that the acts or omissions of the defendant against whom the action is brought constituted negligence, and
>
> c. on the basis of the review and consultation of the qualified expert, the plaintiff has concluded that the claim is meritorious and based on good cause.

OKLA. STAT. tit. 12, § 19.1. Plaintiffs respond that § 19.1 is unconstitutional under the Oklahoma Constitution and that the statute is a rule of procedure that does not apply to cases in federal court. Dkt. # 25, at 3-6; Dkt. # 27, at 3-6. Plaintiffs also argue that § 19.1 is inapplicable because defendants' negligence in failing to file tax returns is so obvious that no expert testimony is necessary.

Before reaching plaintiffs' arguments concerning § 19.1, the Court will initially determine if plaintiffs have stated a claim upon which relief can be granted. As to plaintiffs' negligence claim, plaintiffs allege that Detello failed to prepare their tax returns "for many years," but the complaint

3

fails to specify the tax years for which tax returns were allegedly not filed. The complaint does not provide defendants enough information for defendants to determine if they can assert a statute of limitations defense, and the tax years at issue are a critical fact for defendants to have sufficient notice of the claims against them. Plaintiffs argue that their claims were filed within the applicable statute of limitations, because they did not discover that tax returns had not been filed until they received a letter from the Internal Revenue Service (IRS) on June 24, 2013. Dkt. # 25, at 8. However, this allegation is not included in plaintiffs' complaint and it cannot be considered when ruling on defendants' motions to dismiss. This allegation also gives defendants no notice of when the acts giving rise to plaintiffs' claims occurred. The complaint fails to give defendants sufficient notice of the factual basis for plaintiffs' negligence claim, and this claim should be dismissed for failure to state a claim upon which relief can be granted.

Plaintiffs also claim that defendants are liable for breach of fiduciary duty, and they appear to be alleging that accountants in general owe a fiduciary duty to their clients. They also argue that the existence of a fiduciary duty is a fact question that cannot be decided on a motion to dismiss. Dkt. # 27, at 7. That does not mean a complaint may simply allege the legal conclusion that a fiduciary duty existed, and there must be some factual allegations which if accepted as true tend to show that a fiduciary duty actually existed. See Iqbal, 556 U.S. at 678 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The Oklahoma Supreme Court has broadly defined the terms "fiduciary" or "confidential" when explaining what types relationships can give rise to a fiduciary duty:

> The law regarding a fiduciary relationship is well-settled. Fiduciary or confidential relationship has a broad meaning that includes legal, contractual, formal, and informal relations and exists when one person trusts and relies upon another. Such a relationship exists when one person acquires influence over another such that the influenced allows the influencer to substitute his or her will for the influenced's own. The confidence's source is of no consequence.

Horton v. Hamilton, 345 P.3d 357 (Okla. 2015). A fiduciary duty "may arise by kinship between the parties, or professional, business, or social relations that would lead an ordinary prudent person in the management of business affairs to repose a degree of confidence that largely results in the substitution of the will of the defendant for that of the plaintiff in the material matters involved in a transaction." Krug v. Helmerich & Payne, Inc., 320 P.3d 1012, 1017 (Okla. 2013). Plaintiffs argue that accountants owe their clients an "enhanced" duty, if not exactly a fiduciary duty, based on the Oklahoma Supreme Court's statement that the duty owed by an accountant is "comparable" to the duties owed by doctors or lawyers to their clients. Stroud v. Arthur Andersen & Co., 37 P.3d 783, 789 (Okla. 2001). However, Stroud concerned the use of professional accounting standards to establish the breach of duty in a negligence case, and the Oklahoma Supreme Court did not hold that accountants owe a fiduciary duty to their clients. There is no Oklahoma authority suggesting that accountants have a per se fiduciary duty to their clients, and plaintiffs must allege some facts tending to support a finding that defendants acquired some influence over plaintiffs that would give rise to a fiduciary relationship. The mere fact that defendants were allegedly responsible for preparing plaintiffs' taxes is not sufficient to establish that defendants owed plaintiffs a fiduciary duty, and plaintiffs' breach of fiduciary duty claim should be dismissed.

Based on the Court's determination that plaintiffs have failed to state a claim upon which relief can be granted, it is unnecessary to reach the parties' arguments concerning plaintiffs' failure to attach an affidavit of merit to their complaint. The Court notes that plaintiffs have attached an

affidavit of merit to their responses to defendants' motions to dismiss, and the affidavit appears to comply with § 19.1. See Dkt. # 25-1; Dkt. # 27-1. The Court will allow plaintiffs to file an amended complaint realleging their negligence and breach of fiduciary duty claims if they can allege sufficient facts to support these claims and, if plaintiffs choose to file an amended complaint, the affidavit of merit should be attached to the amended complaint.

**IT IS THEREFORE ORDERED** that Defendant Regier, Carr & Monroe, LLP's Motion to Dismiss (Dkt. # 19), Defendant Kern & Associates' and Kern & Company's Motion to Dismiss and Brief in Support (Dkt. # 21), and Defendant Nicholas Detello's Joinder in Motions to Dismiss (Dkt. # 43) are **granted**, and plaintiffs' complaint (Dkt. # 2) is **dismissed**.

**IT IS FURTHER ORDERED** that plaintiffs may file an amended complaint realleging their negligence and breach of fiduciary duty claims no later than **July 15, 2015**.

**DATED** this 8th day of July, 2015.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE